Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 3966 | DATE | 8/17/2001 |
| CASE TITLE | MARCIA ADAN vs. SOLO CUP, INC., JUAN VILLANUEVA, RONALD UDCHITZ and ANTONIO GONZALEZ | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] The individual defendants' motion to dismiss [9-1] as to Counts II, IV and V is denied. Defendants Udchitz and Gonzalez are ordered to answer the complaint by 8/28/01. ENTER MEMORANDUM OPINION AND ORDER.

*Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | AUG 21 2001 | 13 |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 8/17/2001 date mailed notice | |
| SB courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

FILED FOR DOCKETING
01 AUG 20 PM 6: 13

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARCIA ADAN | ) | |
| | ) | |
| Plaintiff, | ) | No. 01 C 3966 |
| | ) | |
| v. | ) | Suzanne B. Conlon, Judge |
| | ) | |
| SOLO CUP, INC., JUAN VILLANUEVA, | ) | |
| RONALD UDCHITZ and | ) | |
| ANTONIO GONZALEZ | ) | |
| Defendants. | ) | |

DOCKETED
AUG 2 1 2001

## MEMORANDUM OPINION AND ORDER

Marcia Adan filed a five-count complaint against Solo Cup, Inc., Juan Villanueva, Ronald Udchitz, and Antonio Gonzalez for civil rights violations pursuant to Title VII of the Civil Rights Act of 1964 (Count I), intentional infliction of emotional distress ("emotional distress") against Villanueva, Udchitz, and Gonzalez ("individual defendants") (Counts II, IV, and V), and assault (Count III). The individual defendants move to dismiss Counts II, IV, and V on grounds that the court lacks subject matter jurisdiction because the emotional distress counts are preempted by the Illinois Human Rights Act and that the complaint fails to state a claim upon which relief can be granted.

### BACKGROUND

For purposes of a motion to dismiss, the court accepts all well-pleaded allegations in the complaint as true. *Travel All Over the World, Inc. v. Kingdom of Saudi Arabia*, 73 F.3d 1423, 1428 (7th Cir. 1996). Adan was employed by Solo Cup, Co. as a machine operator from March 30, 1998

1

13

to April 2000. Complaint ("Cmpt.") Count ("Ct.") I at ¶ 6. From November 1999 to April 2000, Adan asserts the individual defendants "repeatedly and continuously subjected plaintiff to unwelcome sexual advances; subjected plaintiff to unwelcome comments containing sexual innuendos; and subjected plaintiff to repeated requests and propositions for sexual behavior." *Id.* Ct. II at ¶ 3, Ct. IV at ¶ 3, Ct. V at ¶ 3. Adan filed a charge of sexual harassment with the Illinois Department of Human Rights and the Equal Employment Opportunity Commission ("EEOC"). The EEOC subsequently issued a right to sue letter.

## DISCUSSION

### I. Standard of Review

In ruling on a motion to dismiss, the court considers "whether relief is possible under any set of facts that could be established consistent with the allegations." *Pokuta v. Trans World Airlines, Inc.*, 191 F.3d 834, 839 (7th Cir. 1999) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). A claim may not be dismissed if there is a set of facts that, if proven, would entitle a plaintiff to relief. *Travel All Over the World*, 73 F.3d at 1430. A motion to dismiss tests the sufficiency of the complaint, not its merits. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). However, a court is not required to accept conclusory allegations as true. *Baxter v. Vigo County Sch. Corp.*, 26 F.3d 728, 730 (7th Cir. 1994).

### II. Preemption by the Illinois Human Rights Act

The individual defendants argue Adan's common law tort claims of emotional distress should be dismissed for lack of subject matter jurisdiction because they are preempted by the Illinois Human Rights Act ("IHRA" or "the Act"). Pursuant to the IHRA, "[e]xcept as otherwise provided by law, no court of this state shall have jurisdiction over the subject of an alleged civil rights violation other

than as set forth in this Act." 775 ILCS § 5/8-111(C). Sexual harassment is included under the IHRA's definition of a "civil rights violation." 775 ILCS 5/2-102(D). The Act defines sexual harassment as

> any unwelcome sexual advances or requests for sexual favors or any conduct of a sexual nature when *** such conduct has the purpose or effect of substantially interfering with an individual's work performance or creating an intimidating, hostile or offensive working environment.

775 ILCS 5/2-101(E) (West 1994).

The Illinois Supreme Court has held that "whether [a court] may exercise jurisdiction over a tort claim depends on whether the tort claim is inextricably linked to a civil rights violation such that there is no independent basis for the action apart from the [IHRA] itself." *Maksimovic v. Tsogalis*, 177 Ill.2d 511, 517, 687 N.E.2d 21, 23 (1997). If the tort claim is inextricably linked, the claim must be litigated before the Illinois Human Rights Commission. *Maksimovic*, 177 Ill.2d at 518, 687 N.E.2d at 24. However, if a plaintiff alleges facts sufficient to establish the elements of a tort without reference to the legal duties created by the IHRA, she establishes a basis for imposing liability independent of the IHRA. *Maksimovic*, 177 Ill.2d at 517, 687 N.E.2d at 23; *Fordrliak v. Commonwealth Edison*, No. 98 C 5985, 1999 WL 51804, at *4 (N.D. Ill. Jan. 29, 1999); *Warnell v. Ford Motor Co.*, 48 F.Supp.2d 1095, 1097 (N.D. Ill. 1999). In that situation, the tort claims are not inextricably linked to a civil rights violation, and courts have jurisdiction over the claim. *Figueroa v. City of Chicago*, No. 97 C 8861, 1999 WL 163022, at *10 (N.D. Ill. Jan. 29, 1999). Notably, the Illinois Supreme Court's decision in *Maksimovic* refined the prior test set out in *Geise v. Phoenix Co. of Chicago*, 159 Ill.2d 507, 639 N.E.2d 1273 (1994), and rejected the argument that tort claims were preempted by the IHRA merely because they were factually related to incidents of sexual harassment. *Maksimovic*, 177 Ill.2d at 516, 687 N.E.2d at 23.

3

In *Figueroa*, this court found plaintiff's emotional distress claims were not preempted by the IHRA because she alleged the elements of that tort without any reference to the legal duties created by the Act. *Figueroa*, 1999 WL 163022, at *10-11. Specifically, the plaintiff alleged that defendants repeatedly made unwanted sexual advances to her and suggestive comments about her and her husband, with adverse consequences if she reported the conduct. The court held these actions independently stated a claim for emotional distress, and the fact that they also gave rise to a civil rights violation did not deprive the court of subject matter jurisdiction. *Id.* However, a number of the emotional distress counts were based on the failure of the employer to take corrective action after plaintiff reported the sexual harassment. The court found those claims were only actionable by virtue of the legal duties created by the IHRA. Accordingly, the court held it lacked subject matter jurisdiction as to those counts. *Id.* at *11.

Similarly, in *Rapier v. Ford Motor Co.*, 49 F. Supp.2d 1078, 1080 (N.D. Ill. 1999), the court found a claim of emotional distress based on incidents of unwanted touching by an employer constituted a common law tort independent of civil rights law. Moreover, in *Fondrliak*, 1999 WL 51804, at *4-5, the court held an employer's sexual attack by restraining an employee against her will and kissing her without consent constituted an independent claim of emotional distress. Those allegations were not inextricably intertwined with sexual harassment law and were not prempted by the IHRA. *See also Maksimovic*, 177 Ill.2d at 514, 687 N.E.2d at 22 (assault claim was not preempted where plaintiff was threatened with forced sex, and defendant made comments about her breasts.)

*Figueroa*, *Rapier* and *Fondrliak* are factually analgous to this case. Adan alleges the individual defendants "repeatedly and continuously subjected plaintiff to unwelcome sexual

4

advances; subjected plaintiff to unwelcome comments containing sexual innuendos; and subjected plaintiff to repeated requests and propositions for sexual behavior." Cmpt. Ct. II at ¶ 3, Ct. IV at ¶ 3, Ct. V at ¶ 3. Adan further alleges the individual defendants' conduct was extreme and outrageous, and she suffered emotional distress. Adan sufficiently pleads emotional distress on an independent basis without alleging any legal duties created by the IHRA. She claims emotional distress because of unwanted sexual innuendos and comments from co-workers. The fact that the conduct occurred in the workplace does not change the nature of the claim as long as Adan adequately satisfies the elements of emotional distress. Adan does not contend the individual defendants interfered with her work performance or created a hostile work environment and thereby caused her emotional distress.[1] *Figueroa*, 1999 WL 163022, at *10; *cf. Schwartz v. Home Depot*, No. 00 C 5282, 2000 WL 1780245, at *4 (N.D. Ill. Dec. 4, 2000) (where emotional distress count was based on retaliation, failure to promote and discrimination, claim was inextricably intertwined with legal duties created by IHRA). Rather, Adan's emotional distress counts sound solely in common law tort and are actionable without reliance on any civil rights statute.

The individual defendants urge this court to rely on *Smith v. Chicago School Reform Board of Trustees*, 165 F.3d 1142 (7th Cir. 1999). In *Smith*, the plaintiffs' emotional distress claims were preempted because "she had pitched her entire case on the theory that she is a victim of racial harassment and retaliation[.]" The court held the plaintiff's state-law theories sounded primarily in racial discrimination and were not independent of civil rights law. *Id.* However, the "court [in *Smith*] does not discuss the details of the plaintiff's emotional distress claim other than to say that

---

[1] These allegations, however, are part of her charge of discrimination submitted to the Illinois Human Rights Commission and EEOC. *See* Def. Ex. A.

5

racial discrimination was the core of her theory." *Rapier*, 49 F.Supp.2d at 1080; *see also Warnell v. Ford Motor Co.*, 48 F.Supp.2d 1095, 1097 (N.D. Ill. 1999) (declining to rely on *Smith* because it did not discuss plaintiff's emotional distress claim). Therefore, *Smith* does not assist the court in its analysis. Similarly, the individual defendants' reliance on *Krocka v. City of Chicago*, 203 F.3d 507 (7th Cir. 2000) is inapposite because plaintiff's emotional distress claim in *Krocka* was based on comments about his mental condition that "were only offensive to the extent they referred to [plaintiff's] disability." *Krocka*, 203 F.3d at 516-17; *see also Bruce v. South Stinkey Sanitary District*, 01 C 3578, 2001 WL 789225, at *4 (N.D. Ill. July 12, 2001) (noting that since *Maksimovic*, courts have generally not found emotional distress claims with underlying sexual harassment preempted by IHRA).

Adan's emotional distress claims sufficiently allege an independent violation of common law tort. Accordingly, the court has subject matter jurisdiction over Counts II, IV, and V.

### III. Failure to State a Claim

The individual defendants assert that Adan fails to state a claim for emotional distress. To establish a prima facie case, Adan must allege (1) defendants engaged in extreme and outrageous conduct; (2) defendants knew or should have known their conduct would cause severe emotional distress; and (3) the conduct caused Adan severe emotional distress. *McGrath v. Fahey*, 126 Ill.2d 78, 86, 633 N.E.2d 806, 809 (1998). To establish extreme and outrageous conduct, Adan must allege more than "mere insult, indignities, threats, annoyances, petty oppression or trivialities." *Public Finance Corp. v. Davis*, 66 Ill.2d 85, 89, 360 N.E.2d 765, 767 (1997). "Rather, the nature of the defendant's conduct must be so extreme as to go beyond all possible bounds of decency, and to be regarded as intolerable in a civilized community." *Kolegas v. Heftel Broad. Corp.*, 154 Ill. 2d 1, 21,

607 N.E.2d 201, 211 (1992).

The individual defendants claim Adan fails to sufficiently plead extreme and outrageous conduct and severe emotional distress. A complaint need only state "a short and plain statement of the claim showing that the pleader is entitled to relief" to be sufficient. Fed. R. Civ. P. 12(b)(6). Emotional distress claims under Illinois law are subject to federal notice pleading requirements. *See Cook v. Winfrey*, 141 F.3d 322, 331 (7th Cir. 1998).

In *Ruich v. Ruff, Weidenaar & Reidy, Ltd*, 837 F. Supp. 881, 885 (N.D. Ill. 1993), the court denied a motion to dismiss where the plaintiff pleaded allegations of lewd remarks and periodic sexual touching as extreme and outrageous conduct. The court could not conclude on a motion to dismiss that the plaintiff would be unable to prove sufficient facts to support her claim. *Ruich* is instructive. In Counts II, IV, and V, Adan states from November 1999 to April 2000, she was repeatedly and continuously subjected to unwelcomed sexual advances, unwelcomed comments containing sexual innuendos, and repeated requests and propositions for sexual behavior. She also alleges she suffered "great emotional distress, anxiety and humiliation." Cmpt. Ct. II at ¶ 6, Ct. IV at ¶ 6, Ct. V at ¶ 6. Defendants fail to establish that Adan would be unable to prove sufficient facts to support her emotional distress claims. The sexual innuendos, comments, and advances could have been so egregious that they exceeded bounds of decency. *Butzen v. American Farm Bureau*, 00 C 1145, 2001 WL 128140, at *2 (N.D. Ill. Feb 9, 2001); *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998). At the very least, Adan's allegations of unwelcomed sexual comments and requests are more than mere insults or annoyances.

Adan has given sufficient notice to the individual defendants by naming them in the complaint, alleging the incidents causing her emotional distress, and stating that each defendant

knew those incidents would cause emotional distress. *Jackson v. Marion County*, 66 F.3d 151, 153 (7th Cir. 1995) (plaintiffs may plead conclusions so long as defendants are provided minimum notice of claims). Accordingly, Adan has satisfied the notice pleading requirements of Rule 12(b)(6).

## CONCLUSION

The motion to dismiss as to Counts II, IV, and V is denied.

August 17, 2001

ENTER:

*[signature]*
Suzanne B. Conlon
United States District Judge